UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENSYLVANIA


MAX GREGORY WARREN            :
1057 Highland Road
Sharon, PA 16146,

            Plaintiff,            CIVIL ACTION NO.:_____

     vs.                         :

CAMERON JIBRIL THOMAZ         JURY TRIAL DEMANDED
p/k/a WIZ KHALIFA
1290 Avenue of the Americas
New York, NY 10104       AND    :

ROSTRUM RECORDS, LLC
99 St. Marks Place, Apt. 6E
New York, NY 10009       AND

ATLANTIC RECORDING CORPORATION
1290 Avenue of the Americas       :
New York, NY 10104       AND

WARNER MUSIC GROUP  CORP.
75 Rockefeller Plaza
New York, NY 10019       AND    :

WEA INTERNATIONAL, INC.
75 Rockefeller Plaza
New York, NY 10019       AND

MIKKEL STORLEER  ERIKSEN       :
449 Washington Street
New York, NY  10013       AND


Cont'd on Next Page

TOR ERIK HERMANSEN                         :
449 Washington Street
New York, NY 10013            AND

PGH SOUND, LLC                             :
1660 Parkline Drive
Pittsburgh, PA 15227          AND

45th & 3rd MUSIC, LLC
1220 North Market St.                      :
Suite 806
Wilmington DE 19801           AND

WB MUSIC CORP.
10585 Santa Monica Blvd.                   :
L.A., CA 90025                AND

WARNER CHAPPELL MUSIC, INC.
10585 Santa Monica Blvd.
L.A., CA 90025                AND          :

EMI MUSIC PUBLISHING
75 9th Avenue
New York, NY 10011            AND

SONY/ATV MUSIC PUBLISHING, LLC    :
80 State Street
Albany NY 12207               AND

STARGATE
449 Washington Street                      :
New York, NY 10013 ,

                    Defendants.

._____    :


### CIVIL COMPLAINT

A. JURISDICTION AND VENUE

    1. Jurisdiction is based upon federal question,  to wit, the Copyright Act of 1976 as amended.   Title 17, United States Code.

    2.  Venue is proper under the Fed.R.Civ. Pro.

B. <u>THE PARTIES</u>

3. Plaintiff  MAX GREGORY WARREN ("WARREN") is a private adult individual who resides at the above address; plaintiff is a songwriter and copyright holder.

4. Defendant CAMERON JIBRIL THOMAZ  p/k/a WIZ KHALIFA  ("KHALIFA") is is a private adult individual who does business at the above address; defendant  KHALIFA is an entertainer, musical performer, recording artist, and  budding superstar.

5.  Defendant  ROSTRUM RECORDS, LLC ("ROSTRUM") is a New York limited liability Company with its principal offices located at the above address; ROSTRUM is a record company engaged in the licensing and sale of music.

6. Defendant ATLANTIC RECORDING CORPORATION ("ATLANTIC") is a domestic corporation with its principal offices located at the above address; ATLANTIC is a record company engaged in the licensing and sale of music.

7. Defendant WARNER MUSIC GROUP CORP. ("WARNER MUSIC") is a Delaware corporation with its principal offices located at the above address; defendant WARNER MUSIC is the parent company of co-defendant ATLANTIC.

8. Defendant WEA INTERNATIONAL, INC. ("WEA") is a domestic corporation with its principal offices located as the above address; WEA is the foreign arm of co-defendant WARNER MUSIC and receives revenues for foreign sales outside of the United States.

9. Defendant  MIKKEL STORLEER  ERIKSEN ("ERIKSEN") is a private adult individual doing business at the above address; defendant ERIKSEN is a songwriter, music producer, and publisher of music.

10. Defendant TOR ERIK HERMANSEN ("HERMANSEN")  is a private adult individual doing business at the above address; defendant HERMANSEN is a

songwriter, music producer, and publisher of music.

11. Defendant PGH SOUND, LLC ("PGH") is a Pennsylvania limited liability company, with its principal offices at the above address; defendant PGH is the publishing company whose principal is co-defendant KHALIFA.

12. Defendant 45th & 3rd MUSIC, LLC ("STARGATE PUBLISHING") is a Delaware limited liability company with its principal offices located at the above address; defendant STARGATE PUBLISHING is the publishing company for co-defendants ERIKSEN, HERMANSEN, and STARGATE.

13. Defendant  WB MUSIC CORP ("WB") is a domestic corporation with its principal offices located at the above address; defendant WB is a publishing company which administers the publishing for co-defendant PGH.

14. Defendant WARNER CHAPPELL MUSIC, INC. ("WARNER-CHAPPELL") is a domestic corporation with its principal offices located at the above address; defendant WARNER-CHAPPELL works side by side with co-defendant WB as a publishing company which also administers the publishing for co-defendant PGH.

15. Defendant EMI MUSIC PUBLISHING ("EMI")  is a domestic corporation with its principal offices located at the above address; defendant EMI administers the publishing for co-defendants ERIKSEN, HERMANSEN, STARGATE PUBLISHING, and STARGATE.

16.  Defendant SONY/ATV MUSIC PUBLISHING, LLC ("SONY/ATV") is a Delaware limited liability company with its registered agent located at the above address; defendant SONY/ATV is the successor-in-interest to co-defendant EMI, which has assumed the obligations of EMI.

17.  Defendant STARGATE ("STARGATE") is upon information and belief a Delaware corporation or limited liability company doing business at the above address;

defendant STARGATE is a music production company which principals are co-
defendants ERIKSEN and HERMANSEN.

18.  At all times material hereto, all defendants acted on their own behalves,
and/or through the acts of their employees, agents, representatives, servants, and the
like, acting within their course of employment and scope of duties.

19.  The doctrine of respondeat superior applies to all defendants.

C. <u>THE FACTS</u>

20.  In November of 2007, plaintiff WARREN, a citizen of the United States,
authored a sound recording and underlying musical composition entitled,
"Pink N Yellow" (hereinafter referred to as "Subject Song").

21.  The Subject Song is an original work which is copyrightable under Title 17 of
the United States Code, to with, the Copyright Act of 1976 as amended.

22.  Plaintiff WARREN duly applied to the Library of Congress copyright office,
and received a Certificate of Registration, dated February 25, 2008 for the Subject
Song. See Exhibit A, attached and incorporated by reference as though fully set forth
herein and made a part hereof.

23. Subsequent to February 25, 2008, plaintiff WARREN has sought to publish,
published, and/or  licensed for publication said Subject Song in compliance with federal
copyright law, and he has remained the owner of the copyright of the Subject Song.

24. Subsequent to the issuance of the copyright, defendants infringed upon
plaintiff WARREN's copyright by recording, mixing, mastering, distributing, selling,
licensing, and/or receiving revenue from songs entitled "Black And Yellow"
(a/k/a "Black & Yellow"), "Black And Purple",  and "Black And Yellow (The G-Mix)"
(hereinafter collectively referred to as "New Song").

24B. For purposes of clarification:

**"Subject Song"** = Plaintiff's song: "Pink N Yellow"

**"New Song"** = "Black And Yellow" (a/k/a Black & Yellow) <u>OR</u>

"Black And Yellow (The G-Mix)" <u>OR</u>

"Black And Purple".

25.  Defendants' New Song is so substantially similar to  plaintiff WARREN's Subject Song as to constitute actionable unlawful copyright infringement under Title 17 of the United States Code and applicable case law.

<u>**COUNT ONE: FRAUD AND DECEIT**</u>

<u>(AGAINST DEFENDANTS KHALIFA and PHG SOUND ONLY),</u>

26.  Paragraphs 1 through 25 inclusive, are incorporated by reference as though fully set forth herein and made a part hereof.

27.   Subsequent to plaintiff WARREN's creation of the Subject Song, said Subject Song was heard by defendant KHALIFA.

28.  Once KHALIFA heard the Subject Song, the copyright of which was owned by plaintiff WARREN, KHALIFA engaged on a scheme to defraud plaintiff out of the fruits of his copyright of the Subject Song, as set forth hereinbelow.

29.  KHALIFA conferred with co-defendants ERIKSEN, HERMANSEN and STARGATE,  and created New Song, which New Song was based upon plaintiff's Subject Song.

30.  KHALIFA and said co-defendants improperly and unlawfully filed one or more copyright registrations with the Library of Congress for New Song, claiming sole authorship of New Song, despite the fact the KHALIFA was fully aware that his New Song was derivative of plaintiff's copyrighted Subject Song.

31.   The assertion by defendant KHALIFA, to the Library of Congress, as set

6

forth on the application for copyright registration, that defendant KHALIFA was the author of the New Song, without enumerating on the copyright application that the New Song was derivative of the Subject Song, was false and misleading.

32. Defendants KHALIFA and PGH has falsely held themselves out as being the true and lawful author, copyright holder and publisher of the New Song, when in fact the New Song was an unlawful infringement of plaintiff's copyrighted Subject Song.

33.  Defendants' KHALIFA and PGH's actions, in falsely holding themselves out as lawful copyright holders of the infringing New Song, by commercially releasing the New Song without plaintiff WARREN's knowledge and consent,  and by collecting substantial sums of income as a result of their fraudulent and deceitful actions, constitutes actionable fraud and deceit.

34. Defendants' KHALIFA and PGH's conduct was outrageous, and was intentional, wanton and willful, with reckless disregard of plaintiff's rights, giving rise to an award of punitive damages.

35. Defendants KHALIFA and PGH are liable to plaintiff for fraud and deceit.

WHEREFORE on Count One, plaintiff WARREN demands judgment in his favor, and against defendants KHALIFA and PGH, jointly and severally, as follows:

a)  For actual damages in excess of Seventy-Five Thousand Dollars ($75,000);

b)  For punitive damages in excess of One Million Dollars ($1,000,000) to be determined at trial;

c)  For reasonable counsel fees and costs;

d)  For such other relief as this Court may deem proper.

## COUNT TWO: VIOLATION OF TITLE 17, UNITED STATES CODE- SEC 115 ET SEQ.

## COPYRIGHT INFRINGEMENT - MECHANICAL LICENSE/ROYALTIES

## (AGAINST DEFENDANTS KHALIFA, ROSTRUM, ATLANTIC,

## WARNER MUSIC AND WEA)

36. Paragraphs 1 through 35, inclusive are incorporated by reference as though fully set forth herein and made a part hereof.

37. Defendants KHALIFA, ROSTRUM, ATLANTIC, WARNER MUSIC, and WEA commercially released the New Song which song was an unlawful infringement of plaintiff WARREN's copyrighted New Song; said release of New Song generated millions of dollars in revenues to the benefit of said defendants, which revenue was derived from the unlawful sale and licensing of the New Song, including but not limited to sales of phonographic records (as the term is liberally known to construe in the music business), digital downloads, ringtones, ringbacks, synchronization and other licensing fees, etc.

38. Under Title 17 of the United States Code, prior to said defendants' commercial release of New Song for public consumption, said defendants' were required to acquire a mechanical license from plaintiff.

39. Said defendants' failure to obtain a proper mechanical license from Plaintiff WARREN is a violation of Title 17 of the United States Code.

40. Said defendants are liable to plaintiff for failure to obtain a mechanical license from plaintiff WARREN as required by Title 17 of the United States Code.

41. In the alternative, in the event that this Court deems that no mechanical license was required, due to the prior publication of Subject Song by plaintiff, then in such event, said defendants conduct is still violative of Title 17 of the United States Code for failure by defendants to pay <u>any</u> compulsory license fees to plaintiff WARREN,

as mandated by applicable copyright laws.

42. Said defendants are liable to plaintiff for all revenues generated from the sales and licensing of all products and services containing New Song thereupon, for violation of Section 115 et seq. of Title 17 of the U.S. Code.

WHEREFORE on Count Two, plaintiff WARREN demands judgment in his favor, and against defendants KHALIFA, ROSTRUM, ATLANTIC, WARNER MUSIC,  and WEA,  jointly and severally, as follows:

a)  For actual damages in excess of Seventy-Five Thousand Dollars ($75,000);

b)  For reasonable counsel fees and costs;

c)  For such other relief as this Court may deem proper.

## COUNT THREE: VIOLATION OF TITLE 17, UNITED STATES CODE - COPYRIGHT INFRINGEMENT

### (AGAINST ALL DEFENDANTS)

42. Paragraphs 1 through 41, inclusive are incorporated by reference as though fully set forth herein and made a part hereof

43. Defendants KHALIFA, ERIKSEN and HERMANSEN got the copyright infringement ball rolling by claiming to write a copyrightable song (i.e., the New Song), when in fact, the New Song was derivative of plaintiff's Subject Song.

44. Defendants KHALIFA, ERIKSEN and HERMANSEN then made matters worse by retaining the services of co-defendant STARGATE to record, produce, mix and master the New Song, and then by filing for a copyright registration of the New Song; the matters were made worse because defendants KHALIFA, ERIKSEN, HERMANSEN  and STARGATE had no cognizable right to record, produce, mix and master the New Song which emanated from plaintiff's copyrighted Subject Song, without first obtaining plaintiff's written permission and consent, as required by the

9

Copyright Act; said defendants acted without total regard for plaintiff and plaintiff's Rights; said defendants violated federal law by materially altering plaintiff's copyrighted Subject Song without plaintiff WARREN's prior written consent.

45.  Said defendants then delivered the illegally infringing New Song to co-defendants ROSTRUM, ATLANTIC, WARNER MUSIC, and WEA; said co-defendants acted without total regard for plaintiff and plaintiff's rights.

46. Co-defendants ROSTRUM, ATLANTIC, WARNER MUSIC and WEA then illegally and unlawfully mechanically reproduced, manufactured, distributed and offered for sale and licensing the illegally infringing New Song without any regard for plaintiff and plaintiff's rights.

47. Meanwhile, defendants KHALIFA, ERIKSEN, HERMANSEN, and STARGATE transferred to co-defendants PGH, STARGATE PUB, WB, WARNER CHAPPELL, EMI, and SONY/ATV, in whole or part, their purported administration, publishing and/or writers share rights (rights derivative of their respective interests in the copyright of the New Song), for said co-defendants financial gain, without any regard for plaintiff and plaintiff's rights.

48.  However, defendants KHALIFA, ERIKSEN, HERMANSEN, and STARGATE had no legal right to transfer its copyright interests to co-defendants PGH, STARGATE PUB, WB, WARNER CHAPPELL, EMI, and SONY/ATV, because defendant transferors' rights were tainted by their infringement.

49.  Accordingly, said defendants', as a matter of law, could not transfer copyright interests in the New Song to the transferee defendants, because those rights were solely owned by plaintiff WARREN.

50.  Accordingly, defendant transferees  PGH, STARGATE PUB, WB, WARNER CHAPPELL, EMI, and SONY/ATV have no right to claim any interest in the New Song,

as their rights in the New Song are derivative of the rights of co-defendants KHALIFA,

ERIKSEN, HERMANSEN and STARGATE, and said co-defendants possess no rights

in the New Song due to their unlawful infringement as aforepleaded.

51. Defendants are liable to plaintiff for violation of Title 17 of the United States

Code, and applicable case law, pertaining to unlawful infringement.

WHEREFORE on Count Three, plaintiff WARREN demands judgment in his

favor,  and against all defendants,  jointly and severally, as follows:

a)  For actual damages in excess of Seventy-Five Thousand Dollars ($75,000);

b)  For reasonable counsel fees and costs;

c)  For such other relief as this Court may deem proper.

## COUNT FOUR: CIVIL CONSPIRACY

## (AGAINST DEFENDANTS KHALIFA, ERIKSEN, HERMANSEN AND STARGATE)

52.  Paragraphs 1 through 51, inclusive are incorporated by reference as

though fully set forth herein and made a part hereof.

53.  Defendants KHALIFA, ERIKSEN, HERMANSEN, and STARGATE civilly

conspired to deprive plaintiff of his rights, by claiming authorship of the New Song, even

though the New Song was derivative of plaintiff's Subject Song, and merely constituted

a material alteration of plaintiff's copyrighted Subject Song.

54.  Defendants KHALIFA, ERIKSEN and HERMANSEN all claimed authorship

of both the music and lyrics of the New Song, on the application for copyright

registration which was filed with the U.S. Library of Congress, further adding to the civil

conspiracy.

55. As a result of said defendants' civil conspiracy,  plaintiff sustained damages

as aforepleaded; in addition, defendants' civil conspiracy was outrageous, and was

willful, intentional, and done with reckless disregard for plaintiff's rights, warranting an

11

award of punitive damages.

56. Said defendants are liable unto plaintiff WARREN for civil conspiracy to deprive plaintiff WARREN of his lawful rights pertaining to his copyrighted work.

WHEREFORE on Count  Four, plaintiff WARREN demands judgment in his favor, and against defendants KHALIFA and PGH, jointly and severally, as follows:

a) For actual damages in excess of Seventy-Five Thousand Dollars ($75,000);

b) For punitive damages in excess of One Million Dollars ($1,000,000) to be determined at trial;

c) For reasonable counsel fees and costs;

d) For such other relief as this Court may deem proper.

## COUNT FIVE: ACCOUNTING

## (AGAINST ALL DEFENDANTS)

57.  Paragraphs 1 through 56, inclusive are incorporated by reference as though fully set forth herein and made a part hereof.

58.  All of the defendants have been receiving, and shall continue to receive indefinitely into the future, revenue which has been ill-gained as a result of their unlawful conduct.

59.  Plaintiff is entitled to a full accounting of all income earned, received, owing, accounts receivable, etc., accruing from day one, flowing from the usages of the New Song, in all configurations,  and in all subsequent derivative usages of the New Song by any and all third parties, ongoing indefinitely into the future.

60. Defendants are liable to plaintiff for said accounting.

WHEREFORE on Count  Five, plaintiff WARREN demands judgment in his favor, and against defendants KHALIFA and PGH, jointly and severally, as follows:

12

a) For a full and complete accounting;

b) For reasonable counsel fees and costs;

c) For such other relief as this Court may deem proper.

## COUNT SIX: BREACH OF IMPLIED-IN-LAW AGREEMENT /

## QUASI-CONTRACT / UNJUST ENRICHMENT

## (AGAINST ALL DEFENDANTS)

61. Paragraphs 1 through 60 inclusive, are incorporated by reference as though fully set forth herein and made a part hereof.

62. All of the defendants were unjustly enriched by the revenues earned from the commercial exploitation of the sound recording and underlying musical composition of the New Song.

63. While the defendants all incurred benefits, plaintiff WARREN received the detriment of failure to receive the revenues to which he was rightfully entitled as a result of defendants' commercials exploitation, for defendants' own financial gain, and without total regard for plaintiff and plaintiff's rights.

64. Defendants are liable to plaintiff for breach of implied-in-law, quasi-contract, for their unjust enrichment.

WHEREFORE on Count  Six, plaintiff WARREN demands judgment in his favor,  and against all defendants,  jointly and severally, as follows:

a)  For actual damages in excess of Seventy-Five Thousand Dollars ($75,000);

b)  For reasonable counsel fees and costs;

c)  For such other relief as this Court may deem proper.

## COUNT SEVEN: CONSTRUCTIVE TRUST

## (AGAINST ALL DEFENDANTS)

65. Paragraphs 1 through 64 inclusive, are incorporated by reference as though fully set forth herein and made a part hereof.

66.  Plaintiff WARREN is entitled to this Court's imposition of a constructive trust in his favor, in regard to all revenues derived from the commercial exploitation of the Subject Song, from any and all payors.

67. All defendants are liable to plaintiff for the imposition of a constructive trust.

WHEREFORE on Count  Seven, plaintiff WARREN demands judgment in his favor,  and against all defendants,  jointly and severally, as follows:

a)  For the imposition of a constructive trust, at defendants' sole expense;

b)  For reasonable counsel fees and costs;

c)  For such other relief as this Court may deem proper

## COUNT EIGHT: INJUNCTIVE RELIEF

## (AGAINST ALL DEFENDANTS)

68. Paragraphs 1 through 67 inclusive, are incorporated by reference as though fully set forth herein and made a part hereof.

69.  Plaintiff's copyrighted work is unique and extraordinary, and defendants' improper unlawful action has caused, and continues to cause, irreparable damage to plaintiff.

70.  Plaintiff seeks injunctive relief as set forth hereinbelow because plaintiff has no  adequate remedy at law.

71.  Plaintiff is entitled to this Court's grant of injunctive relief.

WHEREFORE on Count  Eight, plaintiff WARREN demands judgment in his favor,  and against all defendants,  jointly and severally, as follows:

a)  For the issuance of temporary and permanent injunctions which prohibit defendants' continued unlawful use of plaintiff's copyrighted work;

b) For a mandatory injunction requiring defendants' to alter all printed materials pertaining to the New Song to reflect plaintiff's proprietary interest in the copyright and all rights appurtenant thereto;

c)  For reasonable counsel fees and costs;

d)  For such other relief as this Court may deem proper

Respectfully submitted,

Dated: December 30, 2011

*s/James A. Cosby, Esq./s (#7527)*

JAMES A. COSBY, ESQUIRE

ATTORNEY ID NO. 86627

1760 Market Street, Suite 600

Philadelphia, PA 19103

Tel. (215)564-0212

Fax (215)972-5390

jimcosby01@yahoo.com

09/24/2010   06:33   7249810372                                           PAGE   02

# Certificate of Registration

This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

**SRu 910-159**

**Effective date of
registration:**

February 25, 2008

## Title

Title of Work: PINK N YELLOW

## Completion/ Publication

Year of Completion: 2007

Nation of 1st Publication: United States

## Author

■          Author: Max Gregory Warren

Author Created: WROTE AND PRODUCED MUSIC

Work made for hire: No

Domiciled in: United States

Year Born: 1981

Anonymous: No                          Pseudonymous: No

## Copyright claimant

Copyright Claimant: Max Warren

1057 Highland Road, Sharon, PA, 16146

## Limitation of copyright claim

Previously registered: No

## Certification

Name: Mark Pitzele

Date: February 20, 2008

Copyright Office notes:   Regarding author information: deposit contains lyrics, music and sound
recording

## EXHIBIT A

Page 1 of 1